UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT JAMES CLUFF,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION et al.,<br><br>                              Defendants. | Case No.: 21cv115-L-LL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

Pending before the Court in this action under the Federal Tort Claims Act, 28 U.S.C. §§1346(b) & 2671-2680 ("FTCA"), is a motion filed by the United States ("Government") to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. Proc. 12(b)(1), (6). Plaintiff filed an opposition and the Government replied. For the reasons stated below, the Government's motion is granted with leave to amend.

**I.    Background**

In his operative first amended complaint Plaintiff alleges a personal injury negligence action arising from a vehicle accident allegedly caused by Gary M. Richards, a United States Customs and Border Protection ("USCBP") employee while operating a USCBP vehicle.  (*See* ECF no. 5 ("Compl.").)

The Government moves for dismissal because Plaintiff alleges that Richards acted in the scope of his employment as an employee of a federal agency, argues that under these circumstances the Government is the only proper defendant, but the complaint does not name the Government as a Defendant. (ECF nos. 8, 10.) The Government also argues that should this case proceed to trial, it cannot be tried to a jury. (*Id.*) Further, the Government contends Plaintiff cannot state any claims against Doe Defendants, and the action should be dismissed for lack of timely service of process.

Plaintiff counters that, although the caption of the first amended complaint erroneously names USCBP as a Defendant, it is apparent from the substantive allegations (Compl. ¶ 6) that USCBP is no longer a Defendant, and that the Government is a named Defendant. (ECF no. 9.) Further, Plaintiff argues that Richards is a proper Defendant because the Government has not certified that he was acting in the scope of his employment. (*Id.* citing 28 U.S.C. § 2679.) Plaintiff maintains that, should the Government fail to so certify, or the Court find Richards acted in the scope of employment, Plaintiff can bring a negligence action against Richards individually. (ECF no. 9; *see also* 28 U.S.C. § 2679(d).) Plaintiff also argues he can name other individual defendants he claims caused his injuries and can try such claims to the jury.

## II. Discussion

### A. Subject Matter Jurisdiction

The Court first turns to the Government's motion to dismiss for lack of subject matter jurisdiction. Unlike state courts,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

/ / / / /

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1]  A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

> A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

*Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

Federal jurisdiction must be supported "with the manner and degree of evidence required at the successive stages of the litigation." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).  At the pleading stage the court must accept as true all material allegations of the complaint and construe it in plaintiff's favor.  *Id.*  "[A] nonfrivolous allegation of jurisdiction generally suffices to establish jurisdiction upon initiation of a case."  *Perry v. Merit Systems Protection Bd.*, 137 S. Ct. 1975, 1984 (2017).

The Government argues it was not named as a Defendant in the operative complaint.  Although Plaintiff omitted the Government from the caption, the allegations demonstrate that Plaintiff intended to name the Government as a Defendant.  (Compl. ¶ 6.)

Federal courts have subject matter jurisdiction of actions against the Government.  28 U.S.C. § 1346.  Because Plaintiff is required to name "all the parties" in the title of the complaint, Fed. R. Civ. Proc. 10(a), the Government's motion is granted with leave to amend to correct the error in the caption of the operative complaint.

/ / / / /

---

[1]  Unless otherwise noted internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

### B. Service of Process

In passing, the Government contends it has not been served with process and Plaintiff has not filed proofs of service of process as to any Defendant. (*See* ECF No. 8 at 2; ECF No. 10 at 1, 2.) Rule 4(m) of the Federal Rules of Civil Procedure provides that an action be dismissed as to all named defendants not served with the summons and complaint within 90 days after the complaint is filed, absent a showing of good cause why such service was not made.

The operative complaint was filed on May 27, 2021. (ECF No. 5.) Reply in support of the Government's motion was filed on July 2, 2021, or before the expiration of the 90-day time period. Accordingly, to the extent the Government seeks dismissal for lack of timely service of process, its motion is denied.

However, Plaintiff has not filed any proofs of service of process as of the date of this Order. No later than 21 calendar days after filing his second amended complaint as provided herein, Plaintiff shall file proofs of service for each named Defendant.

### C. Failure to State a Claim

The Government argues that Plaintiff cannot state a claim against the USCBP, Richards, or any Doe Defendants because such claims are precluded by the FTCA. Because FTCA claims can only be asserted against the Government, and the Government is not a named Defendant in the first amended complaint, the Government argues Plaintiff cannot state any claim at all.

A motion for failure to state a claim under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[D]ismissal for failure to state a claim is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely

because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). Generally, a plaintiff must allege only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2); *see also Bell Atl. Corp.*, 550 U.S. at 555.

The FTCA encompasses torts and wrongful acts of federal employees acting within the scope of official duties. The only proper defendant in a suit under the FTCA is the Government. *See generally*, 14 Charles Alan Wright & Arthur R. Miller, *Fed. Practice and Procedure* § 3856 (4th ed. & supp. 2021). In this regard, federal employees are accorded absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties. *Wilson v. Horton's Towing*, 906 F.3d 776, 780 (9th Cir. 2018); *see also Osborn v. Haley*, 549 U.S. 225, 229 (2007). However, only conduct that is within the scope of the employee's employment or office creates liability under the FTCA. 14 Wright & Miller *supra* § 3856.

The parties disagree whether Plaintiff's allegation on information and belief that Richards acted in the scope of his employment constitutes a judicial admission so as to preclude Plaintiff's alternative claim against Richards individually. Because an allegation in the complaint is subject to amendment, it is not necessarily a judicial admission. *In re Bakersfield Westar Ambulance, Inc.*, 123 F.3d 1243, 1248 (9th Cir. 1997) (citing *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). Plaintiff did not categorically allege that Richards acted in the scope of his employment with the USCBP but made the allegation on information and belief based on the fact that Richards was operating a USCBP vehicle at the time of the accident. At this stage of the proceedings, the Court declines to construe Plaintiff's allegation as a judicial admission.

Moreover, the scope-of-employment issue is subject to certification either voluntarily by the Government or, if the Government refuses to certify, by petition to the court by the employee. *See* 28 U.S.C. § 2679(d)(1), (3).

> Under . . . 28 U.S.C. § 2679(d), the Attorney General may certify that a defendant employee was acting within the scope of his office or employment for the United States government at the time of the incident out of which the claim arose. In such cases, the action shall be deemed an action against the United States, and the United States shall be substituted as the party defendant.

*Wilson*, 906 F.3d at 780; *see also Osborn*, 549 U.S. at 229.

> Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the [FTCA].

*Osborn*, 549 U.S. at 230. "An Attorney General's certification creates a presumption that the challenged activity falls within the scope of the individual's employment." *Wilson*, 906 F.3d at 782 n.9.

The FTCA "grants a federal employee suit immunity . . . *when 'acting within the scope* of his office or employment at the time of the incident out of which the claim arose.'" *Osborn*, 549 U.S. at 247 (quoting § 2679(d)(1), (2)) (emphasis added). If and when the Government certifies that Richards acted within the scope of employment, the negligence claim against Richards will be "deemed to be brought against the United States unless and until" the Court determines otherwise. *Id.* at 252.

The Government has not certified that Richards acted in the scope of his employment, and Richards has not petitioned this Court to so certify. The Court declines at this stage of the case, based solely on allegations made on information and belief, to presume that Richards acted in the scope of employment.

Accordingly, Plaintiff may allege alternative claims, *i.e.*, an FTCA claim against the Government and an alternative negligence claim against Richards. Federal Rules allow for pleading alternative claims. Fed. R. Civ. Proc. 8(d)(2).

Plaintiff may also allege non-FTCA claims against Doe Defendants. *See, e.g., Wilson*, 906 F.3d 776 (separate non-FTCA claim against Horton's Towing). Finally, any non-FTCA claim that survives until trial could potentially be tried to a jury. *See Osborn*,

549 U.S. at 252 (actions against the Government excepted from the Seventh Amendment right to a jury trial).

Based on the foregoing, Plaintiff may be able to state claims as outlined in his opposition to the Government's motion.  However, as presently alleged, the operative first amended complaint is ambiguous on key points.  For example, it is not clear whether the operative complaint contains an FTCA claim against the USCBP, and whether the claims against Richards and Doe Defendants are asserted under the FTCA.  Accordingly, the Government's motion is granted with leave to amend.

If Plaintiff chooses to file an amended complaint, he must (1) omit any claims against the USCBP; (2) clearly state that the claim against Richards is a non-FTCA negligence claim stated in the alternative to the FTCA claim against the Government; (3) clearly state that any claims against Doe Defendants are not asserted under the FTCA and provide factual allegations in support of the claims against Doe Defendants, *see Bell Atl. Corp.,* 550 U.S. at 555.

**III.   Conclusion**

The Government's motion is granted with leave to amend.  No later than **October 4, 2021**, Plaintiff shall file his second amended complaint, if any, as provided herein.  No later than 21 calendar days after filing the second amended complaint, Plaintiff shall file proofs of service of process on all named Defendants.  Defendants shall file responses, if any, to the second amended complaint no later than the time provided in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated:  September 14, 2021

_____
Hon. M. James Lorenz
United States District Judge